No. 1774.

Second Circuit Appeal.

THE TEXAS COMPANY v. FAIR OIL CO., INC., Appellant.

(November 13, 1924, Opinion and Decree.)

(*Syllabus by the Editor.*)

1. Louisiana Digest—Appeal—Par. 625.
This case involves only a question of facts and accordingly the judgment of the lower court, not being clearly erroneous, was affirmed.

Appealed from the First District Court, Parish of Caddo, Hon. J. H. Stephens, Judge.

Judgment for plaintiff and defendant has appealed.

Judgment affirmed.

Hampden Story and Chas. H. Blish of Shreveport, attorneys for plaintiff.

Wilkinson, Lewis & Wilkinson, of Shreveport, attorneys for defendant.

CROW, J. This is an action on an open account for gas alleged to have been furnished by the plaintiff to defendant during the months of February, March and April of the year 1921. The gas was furnished defendant at its drilling sites in Red River Parish. The defense is that the amount of the gas bill for the months mentioned above was excessive, due to incorrect registering of plaintiff's meter. Defendant admits owing plaintiff a part of the amount claimed, but made no tender of payment of any amount to plaintiff. It claims that the gas bills for said months jumped up from an average monthly amount of $137.50, to an average of $288.36, per month, without any apparent cause therefor except that the meter was not working accurately.

There was a trial of the case in the District Court, and judgment was rendered in favor of plaintiff as prayed for; that is, for $865.08, with five per cent. per annum thereon from judicial demand until paid. Defendant has appealed to this court and asks for a reversal of the judgment.

OPINION.

There is only a question of fact involved in this appeal and we are, therefore, disposed to give much weight to the decision of the trial judge. However, we have read with care the entire record, including the briefs of able counsel for both parties, and we are unable to find error in the finding of the District Judge.

About the only circumstance which appears to us to corroborate the theory of defendant to the effect that the meter was over-registering is that the amount of the monthly gas bills was more than double what it had been for previous months for gas consumed by defendant.

That, however, is explained in part only by the fact that the rates for gas had been increased about the beginning of the period during which defendant declined to pay the bills. The discrepancy is further explained by the fact that plaintiff's field inspectors who examined and tested the meter during the latter part of January, 1921, found and removed a large quantity of trash which had accumulated in the meter and closed the "proportional" on the valve, evidently causing the meter to register too low before the removal of the trash.

Two or three witnesses appeared and testified for plaintiff to the effect that the meter was thoroughly tested by them and a report of their findings made to the plaintiff company. In that respect they are corroborated by their written report filed in the record.

Only two witnesses testified, and that by deposition, for defendant, namely, Mr. A. L. Sneed, President, and Mrs. J. L. Sneed, Secretary-Treasurer, of the defendant company. They base their defense on the fact that they had been informed by their field foreman, B. A. Jones, that plaintiff com-

pany's inspector had filed away parts of the meter about the latter part of January, 1921, immediately following which, they say, the gas bills increased enormously. They say frankly that they cannot say from their own knowledge that the meter was filed. They did not produce their field foreman or seek to take his testimony by any sort of proceeding. They do not even attempt to explain why they do not furnish the court with his testimony. The presumption is that his testimony would not be favorable to their contention.

The said two witnesses for defendant were asked on cross-interrogation to produce and file bills for gas furnished them for previous months; and they both said they were left in the hands of their attorney. However, the bills were not presented by anyone nor was any explanation given concerning them, except as mentioned above. The court is, therefore, without the information which said bills might contain.

On the whole, we think the preponderance of the testimony is in favor of plaintiff, and that the judgment of the lower court is correct.

It is accordingly affirmed at the cost of appellant.